REED SMITH LLP
Kurt F. Gwynne, Esq.
Casey D. Laffey, Esq.
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: kgwynne@reedsmith.com
E-mail: claffey@reedsmith.com

REED SMITH LLP
Michael P. Cooley, Esq.
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469)-680-4200
Facsimile: (469) 680-4299
E-mail: mpcooley@reedsmith.com

*Counsel to the Federal Deposit Insurance Corporation,*
*as Receiver for Silicon Valley Bank*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re | X | Chapter 11 |
| SVB FINANCIAL GROUP,[1] | : | |
| Debtor. | : | Case No. 23-10367 (MG) |
| | X | |
| SVB FINANCIAL TRUST, | : | |
| Plaintiff, | : | Civil Case No. 1:26-civ-0417-VSB |
| v. | : | Adv. Pro. No. 25-01150-mg |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for Silicon Valley Bank, | : | |
| Defendant. | X | |

**REPLY OF THE FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR SILICON VALLEY BANK, IN SUPPORT OF ITS MOTION FOR AN ORDER WITHDRAWING THE REFERENCE OF ADVERSARY PROCEEDING PURSUANT TO 28 U.S.C. § 157 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 5011**

---

[1] The last four digits of SVB Financial Group's tax identification number are 2278.

**TABLE OF CONTENTS**

**Page**

SVBFG'S OPPOSITION IS BASED ON A SERIES OF FALSE PREMISES............................ 1

A.      FDIC-R Does Not Assert a Claim Against the SVBFT Estate........................................... 1

B.      This Adversary Proceeding Does Not Turn on the Bankruptcy Court's Prior
        Orders.................................................................................................................................... 3

C.      FIRREA's Application is Not Contingent on Proof of Ownership .................................... 4

REPLY .................................................................................................................................................. 8

A.      Mandatory Withdrawal of this Adversary Proceeding is Warranted................................. 8

B.      In the Alternative, Cause for Permissive Withdrawal Also Exists ................................... 10

CONCLUSION..................................................................................................................................... 13

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re American Mortg. & Inv. Servs.*,
    141 B.R. 578 (Bankr. D. N.J. 1992) ...................................................................................7

*Atlas Roofing Co. v. OSHRC*,
    430 U.S. 442 (1977)........................................................................................................11

*Bank of Am. Nat'l Ass'n v. Colonial Bank*,
    604 F.3d 1239 (11th Cir. 2010) ...................................................................................6, 7

*Bennett v. Bennett (In re Bennett)*,
    175 B.R. 181 (Bankr. E.D. Pa. 1994) .............................................................................2

*Carvel v. Ross*,
    2011 U.S. Dist. LEXIS 25203 (S.D.N.Y. Feb. 16, 2011)..............................................11

*In re Colonial Realty Co.*,
    980 F.2d 125 (2d Cir. 1992).............................................................................................9

*Dobbins v. Dobbins*,
    2015 U.S. Distr. LEXIS 83692 (W.D. Okla. June 29, 2015)..........................................6

*In re Franco*,
    2018 Bankr. LEXIS 3101 BL 368992 (Bankr. D.N.M. Oct. 05, 2018)...................................2

*Harrington v. FDIC*,
    2024 U.S. Dist. LEXIS 123140 (N.D. Ca. Jul 12, 2024)...............................................6

*Hillside Metro Assocs. v. JPMorgan Chase Bank, N.A.*,
    747 F.3d 44 (2d Cir. 2014).............................................................................................13

*Joint Off. Liquidators of Silicon Valley Bank v. SVB Fin. Grp. (In re SVB Fin. Grp.)*,
    2025 Bankr. LEXIS 2452 (Bankr. S.D.N.Y. Sep. 29, 2025) .....................................10

*Joint Official Liquidators of Silicon Valley Bank v. SVB Fin. Grp. (In re SVB Fin. Grp.)*,
    674 B.R. 111 (Bankr. S.D.N.Y. 2025)............................................................................5

*Kirschenbaum v. Fed. Ins. Co. (In re EMS Financial Services, LLC)*,
    491 B.R. 196 (E.D.N.Y 2013) .......................................................................................12

*Marquis v. FDIC*,
    965 F.2d 1148 (1st Cir. 1992).........................................................................................13

*McCrory Corp. v. 99 [cents] Only Stores (In re McCrory Corp.)*,
    160 B.R. 502 (S.D.N.Y. 1993)................................................................................8

*In re Mid America Entertainment Plus, Inc.*,
    135 B.R. 419 (Bankr. D. Kan. 1991) .....................................................................10

*Nat'l Union Fire Ins. Co. v. City Sav.*,
    F.S.B., 28 F.3d 376 (3d Cir. 1994) .......................................................................13

*OneBeacon Midwest Ins. Co. v. FDIC*,
    2013 BL 85051 (N.D. Ga. Mar. 28, 2013).............................................................7

*Onebeacon Midwest Ins. Co. v. FDIC*,
    No. 2:12-CV-0106-RWS, 2013 U.S. Dist. LEXIS 44237 .....................................7

*In re Orion Pictures Corp.*,
    4 F.3d 1095 (2d Cir. 1993)..............................................................................10, 11

*Panos v. FDIC*,
    2025 U.S. App. LEXIS 28444 (2d Cir. Oct 30, 2025)...........................................5

*Pennsylvania Dep't of Pub. Welfare v. Davenport*,
    495 U.S. 552, 110 S. Ct. 2126, 109 L. Ed. 2d 588 (1990)....................................2

*Shugrue v. Air Line Pilots Ass'n Int'l (In re Ionosphere Clubs, Inc.)*,
    922 F.2d 984 (2d Cir. 1990)..................................................................................8

*Stern* v. *Marshall*,
    564 U.S. 462 (2011)..............................................................................................11

*SVB Fin. Grp.* v. *FDIC*,
    Adv. No. 23-01137 (Bankr. S.D.N.Y. Jul. 9, 2023) ..............................................9

*SVB Fin. Tr. v. FDIC*,
    2025 BL 249161, 2025 US Dist Lexis 135970 (N.D. Cal. July 16, 2025) .............7

*SVB Financial Group et al v. Federal Insurance Company et al.*,
    Civil Action No. 5:23-cv-00095 (E.D.N.C. Feb 27, 2023) [Dkt. No. 21] ...............3

*Volges v. Resolution Trust Corp.*,
    32 F.3d 50 (2d Cir. 1994).................................................................................6, 7

*Ward v. RTC*,
    996 F.2d 99 (5th Cir. 1993) ...................................................................................6

*Wisniewski v. Piasecki (In re Piasecki)*,
    171 B.R. 49 (Bankr. N.D. Ohio 1994)...................................................................2

*Yoon v. Fordham Univ. Faculty and Admin. Ret. Plan*,
     2004 U.S. Dist. LEXIS 26070 (S.D.N.Y. Dec. 29, 2004) ........................................................11

**Statutes**

11 U.S.C. § 101(5) .........................................................................................................................1

12 U.S.C. § 1821(d)(2)(A)(i) .........................................................................................................5

12 U.S.C. § 1821(d)(2)(B)(i)-(iv) ..................................................................................................9

12 U.S.C. § 1821(d)(13)(D) ..................................................................................................5, 7, 10

12 U.S.C. § 1821(j) ................................................................................................................ *passim*

28 U.S.C. § 157(d) .........................................................................................................................9

Pub.L. No. 101-73, § 101(8), 103 Stat. 183, 187 .........................................................................12

**Rules**

Fed. R. Bankr. P. 3007 ...................................................................................................................4

Fed. R. Bankr. P. 7001(a), (b) .......................................................................................................4

The Federal Deposit Insurance Corporation (the "FDIC"), in its capacity as receiver for SVB (in such capacity, "FDIC-R") hereby replies in support of its *Motion of the Federal Deposit Insurance Corporation, as Receiver for Silicon Valley Bank, for an Order Withdrawing the Reference of Adversary Proceeding Pursuant to 28 U.S.C. § 157 and Federal Rule Of Bankruptcy Procedure 5011* [Dkt. No. 1] (the "Motion")[1] and responds to the opposition [Dkt. No. 6] (the "Opposition") filed by SVB Financial Trust ("SVBFT") and respectfully states as follows:

## SVBFG'S OPPOSITION IS BASED ON A SERIES OF FALSE PREMISES

In its Opposition, SVBFG attempts to avoid application of the FDIC-R's statutory rights, titles, powers, and privileges under FIRREA that support withdrawal of the reference by characterizing the ownership dispute as a simple matter of interpreting the language of the Bonds and the Bankruptcy Court's orders. But SVBFG's position is meritless because it is premised on three legally and factually incorrect assumptions: (1) that FDIC-R is attempting to assert a claim against the estate of SVBFT; (2) that the instant dispute turns on the interpretation and enforcement of the Bankruptcy Court's prior orders; and (3) that FIRREA is not implicated before FDIC-R establishes that the Bond Proceeds are assets of SVB.

### A.    FDIC-R Does Not Assert a Claim Against the SVBFT Estate

The Opposition is grounded in the contention that FDIC-R failed to file a proof of claim in the Bankruptcy Case to assert its "right to payment" of the Bond Proceeds and, by interpreting the Confirmation Order and the Bar Date Order, the Bankruptcy Court can conclude that FDIC-R's claim is now barred. But this strawman argument wrongly presupposes that FDIC-R asserts a "claim" within the meaning of 11 U.S.C. § 101(5) that was subject to timely filing under the Bar Date Order and treatment and discharge under the Confirmation Order.

---

[1] For efficiency, capitalized terms used but not defined herein have the meanings assigned to them in the Motion.

To be clear: FDIC-R did not file a claim in the SVBFG bankruptcy case for the Insurance Claim or Bond Proceeds, and does not now assert that it has a "right to payment" from either SVBFT or SVBFG. Rather, the parties are asserting competing ownership rights to $73 million in Bond Proceeds owed in connection with the Insurance Claim made against the Insurers under the respective Bonds.

But "*an assertion of property ownership is not a claim.*" 2 Collier on Bankruptcy ¶ 101.05 (16th 2026) (emphasis added) (citing *In re Franco*, 2018 Bankr. LEXIS 3101, 2018 BL 368992 (Bankr. D.N.M. Oct. 05, 2018)). To the contrary, "[t]he broad definition of a 'right to payment' has been interpreted by the Supreme Court to mean 'nothing more nor less than an enforceable obligation.'" *In re Franco*, 2018 Bankr. LEXIS 3101, 2018 BL 368992 at *4 (quoting *Pennsylvania Dep't of Pub. Welfare v. Davenport*, 495 U.S. 552, 559, 110 S. Ct. 2126, 109 L. Ed. 2d 588 (1990)). Accordingly, courts routinely distinguish claims from asserted ownership interests in property that an estate may also claim to own. *Id.* (disallowing claim because claimant "is not asserting a right to payment, but rather the rights of ownership of the Disputed Mineral Rights" and finding that the question of such ownership "is for another proceeding, at another time"); *see also Bennett v. Bennett (In re Bennett)*, 175 B.R. 181, 184 (Bankr. E.D. Pa. 1994) (collecting cases) (holding that "equitable distribution rights in pension plans established by court order or agreement prior to bankruptcy are property interests of the non-debtor former spouse rather than claims dischargeable in bankruptcy"); *see also Wisniewski v. Piasecki (In re Piasecki)*, 171 B.R. 49, 52 (Bankr. N.D. Ohio 1994) (holding that plaintiff's independent ownership right in ex-spouse defendant's pension plan did not create a debtor-creditor relationship because "there is no liability on a claim [and] [t]he payment obligation is strictly between Plaintiff and the GMC pension plan administrator").

While the Bond Action was originally brought by SVB and SVBFG as unified co-plaintiffs, any unity of interests between them was severed in March 2023, when FDIC-R was appointed receiver for SVB and successfully moved to disqualify the counsel that previously represented both SVB and SVBFG. *See SVB Financial Group et al v. Federal Insurance Company et al.*, Civil Action No. 5:23-cv-00095 (E.D.N.C. Feb 27, 2023) [Dkt. No. 21]. Since that time, *both* FDIC-R and SVBFT have cross-moved for summary judgment on the question of ownership of the Bond Proceeds and Insurance Claim.[2] *Id.* [Dkt. Nos. 143, 162].

SVBFT acknowledges the dispute concerns property ownership in its Opposition, conceding that "[this] Adversary Proceeding asserts an equitable claim for declaratory judgment of SVBFT's rights under the plain text of the Bonds." Opposition at 19. The determination "under the plain text of the Bonds" of who—FDIC-R (for SVB) or SVBFT (for SVBFG)—is entitled to the Bond Proceeds is a determination of *who owns* the contested Bond Proceeds. Accordingly, FDIC-R's right to the Bond Proceeds is a property right, not a "right to payment" subject to bankruptcy claims administration.

**B.    This Adversary Proceeding Does Not Turn on the Bankruptcy Court's Prior Orders**

As FDIC-R has not asserted and does not now assert a claim against SVBFT, this Adversary Proceeding cannot be resolved based on the interpretation or enforcement of this Court's Bar Date Order or Confirmation Order. Thus, while SVBFT's statements that "the Bar Date Order established a firm deadline by which all creditors—including governmental units such as FDIC-R—were required to assert any claims against the Debtor or risk forfeiture [and] FDIC-R indisputably failed to file any proof of claim by that deadline" are factually correct, *see* Opposition at 15, they are also completely immaterial to the parties' competing ownership claims. Equally true and

---

[2] The implication by SVBFT in its Opposition that *only* FDIC-R has sought summary judgment on this underlying question of ownership is an incomplete re-telling of the history of the dispute.

immaterial is SVBFT's statement that the effect of the Confirmation Order was, in part, to discharge "[a]ny claim that the FDIC-R[] may have held against the Debtor in this bankruptcy case for which it was required to file a proof of claim in this case, including those relating to the personal liability of the Debtor." *Id.*

As explained above, the assertion of an interest in property is wholly distinct from the assertion of a claim. Indeed, were that not the case then Federal Rule of Bankruptcy Procedure 7001 would make no sense. Rule 7001 requires that any proceeding "to recovery money or property" or "to determine the validity, priority, or extent of a lien or other interest in property" can only be commenced by filing an adversary proceeding. Fed. R. Bankr. P. 7001(a), (b). Conversely, a claim in bankruptcy court can be administered by the filing of an objection to that claim that commences a contested matter governed under Bankruptcy Rule 9014(a). *See* Fed. R. Bankr. P. 3007 (governing claim objections), 9014(a) (governing contested matters). If SVBFT were correct that the filing of a proof of claim was the proper mechanism to resolve a dispute concerning competing ownership interests in the same property, then parties could entirely sidestep the heightened procedural requirements associated with adversary proceedings and effectively moot the first two parts of Rule 7001. Such an absurd result is entirely at odds with the procedural framework surrounding contested matters and adversary proceedings in bankruptcy. It is also at odds with the statutory provisions of FIRREA.

**C.      FIRREA's Application is Not Contingent on Proof of Ownership**

Next, SVBFT advances the novel theory that "FIRREA enters the case, if at all, only as a contingent defense that depends on FDIC-R first establishing that the Bond proceeds are assets of the failed bank—a merits assumption this Court cannot accept as a basis for withdrawal." Opposition at 1-2. SVBFT's contention is legally incorrect and contrary to well-established authority regarding the FDIC-R's statutory rights, titles, powers, and privileges under FIRREA.

Under the first part of the Succession Clause, the FDIC-R succeeds to "all rights, titles, powers and privileges of'" SVB. *See* 12 U.S.C. § 1821(d)(2)(A)(i). The FDIC-R has "exclusive standing" to assert SVB's claims. *See, e.g., Joint Official Liquidators of Silicon Valley Bank v. SVB Fin. Grp. (In re SVB Fin. Grp.),* 674 B.R. 111, 163 (Bankr. S.D.N.Y. 2025). Under the second part of the Succession Clause, the FDIC-R succeeds to "all rights titles, powers, and privileges . . . of any stockholder . . . of such [depository institution in receivership] with respect to the institution and the assets of the institution." 12 U.S.C. § 1821(d)(2)(A)(i). Because the Insurance Claim is based entirely on the depletion of SVB's assets caused by the forgeries, the Insurance Claim and related Bond Proceeds clearly "relate to" or "concern" SVB's "assets" for purposes of the Succession Clause.

Further, FIRREA's jurisdiction stripping provisions, 12 U.S.C. §§ 1821(d)(13)(D) and (j), belie SVBFT's claim that FIRREA has limited application here. To the contrary, Section 1821(d)(13)(D) states explicitly that "no court shall have jurisdiction over . . . any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver," *see* 12 U.S.C. § 1821(d)(13)(D), and the Second Circuit has explicitly recognized that this section is a "jurisdiction-stripping" provision that creates a "jurisdictional black hole." *Panos v. FDIC,* 2025 U.S. App. LEXIS 28444, *4 (2d Cir. Oct 30, 2025). This dispute plainly involves determining the extent of the FDIC-R's assets under Section 1821(d)(13)(D).

Section 1821(j) of Title 12 states that, except as provided elsewhere in section 1821, "no court may take any action . . . to restrain or affect the exercise of powers or functions of the [FDIC] as conservator or receiver." 12 U.S.C. § 1821(j). Contrary to what SVBFT argues, "no circuit court case has ever limited the application of § 1821(j) to assets 'owned' by a failed financial

institution." *Bank of Am. Nat'l Ass'n v. Colonial Bank,* 604 F.3d 1239, 1245 (11th Cir. 2010); *see also Harrington v. FDIC,* 2024 U.S. Dist. LEXIS 123140, *10-11 (N.D. Ca. Jul 12, 2024) ("Plaintiffs cite no authority for the proposition that section 1821(j) has an exception for disputes over ownership rights-possibly because one does not exist, Courts do not 'limit[ ] the application of § 1821(j) to assets 'owned' by a failed financial institution.'") (quoting *Colonial Bank,* 604 F.3d at 1245); *Dobbins v. Dobbins,* 2015 U.S. Distr. LEXIS 83692, *10, *13 (W.D. Okla. June 29, 2015)(rejecting attempt to challenge whether "interests ever became assets of the Bank in the first place" as jurisdictionally barred under section 1821(j) and declaring that the claim should be made in the receivership claims process).

In fact, Courts have consistently construed this language to permit a court to enjoin the actions of the FDIC when acting as receiver *only* where the FDIC is acting outside its prescribed statutory authority. *See*, *e.g.*, *Volges v. Resolution Trust Corp.*, 32 F.3d 50, 52-53 (2d Cir. 1994); *see also Bank of Am. v. Colonial Bank*, 604 F.3d 1239, 1245 (11th Cir. 2010) (holding that the FDIC could not be enjoined from administering disputed assets); *Ward v. RTC*, 996 F.2d 99, 103 (5th Cir. 1993) (same). In *Ward v. RTC*, for example, the Fifth Circuit Court of Appeals concluded that, as the RTC's statutory authority to sell assets of an institution under conservatorship or receivership was indisputable, "even if the RTC improperly or unlawfully exercised an authorized power or function, it clearly did not engage in an activity outside its statutory powers." *Ward v. RTC*, 996 F.2d at 99 (holding that injunctive relief could only be possible where the RTC was acting outside its statutory powers). In *Volges v. RTC*, the Second Circuit Court of Appeals agreed that the Fifth Circuit had "aptly summarized" the effect of section 1821(j) and similarly held that the sale of mortgages in furtherance of the RTC's receiver function could not be enjoined "regardless of Volges's ultimate chance of success on his contract claim." *Volges v. Resolution*

*Trust Corp.*, 32 F.3d at 53; *see also In re American Mortg. & Inv. Servs.*, 141 B.R. 578, 587 (Bankr. D. N.J. 1992) ("FIRREA prohibits any court from asserting subject matter jurisdiction over any assets, disputed or not, in which the RTC, as conservator or receiver of a failed depository institution claims an ownership interest unless and until the claims procedure has been exhausted.").[3]

Expounding on the "quite narrow" jurisdictional inquiry under section 1821(j), the Eleventh Circuit Court of Appeals explained:

> First, we evaluate whether the FDIC's challenged actions constitute the exercise of a receivership power or function. If so, the FDIC is protected from all court action that would "restrain or affect" the exercise of those powers or functions pursuant to § 1821(j), and we proceed to the secondary inquiry of whether the district court's actions do in fact restrain or affect the FDIC as receiver.

*Bank of Am. v. Colonial Bank*, 604 F.3d 1239, 1243 (11th Cir. 2010); *see also Onebeacon Midwest Ins. Co. v. FDIC*, No. 2:12-CV-0106-RWS, 2013 U.S. Dist. LEXIS 44237, at *7-8 (citing *Bank of Am. v. Colonial Bank*); *SVB Fin. Tr. v. FDIC*, 2025 BL 249161, *5, 2025 US Dist Lexis 135970 (N.D. Cal. July 16, 2025) (same).

Thus, the application of FIRREA does not rest on whether the FDIC-R can first establish that it owns the Insurance Claim or Bond Proceeds. The provisions of the Succession Clause and the jurisdiction stripping provisions of 12 U.S.C. §§ 1821(d)(13)(d) and (j) clearly apply to this competing ownership dispute.

---

[3] The opposing party is not without remedy, however: as the Second Circuit and other courts have observed, "a plaintiff may still assert a claim for damages against [FDIC-R] through the normal claims process." *Volges v. RTC*, 32 F.3d at 53; *see also OneBeacon Midwest Ins. Co. v. FDIC*, 2013 BL 85051, at *5 (N.D. Ga. Mar. 28, 2013) (observing that the section § 1821(j) jurisdictional bar does not leave parties without a remedy because claims may still be pursued through FIRREA's administrative process).

## REPLY

### A.    Mandatory Withdrawal of this Adversary Proceeding is Warranted.

Based on SVBFT's false presumptions discussed above, the Opposition seeks to avoid application of FIRREA and withdrawal of the reference as a result by framing this as a "contract dispute that raises bankruptcy law issues." Opposition at 9. But SVBFT's preferred narrative falls apart under scrutiny because the FDIC-R asserts a property right to the Insurance Claim and Bond Proceeds under the Succession Clause and not a claim against the SVBFG bankruptcy estate. FIRREA *bars* any court action to "restrain or affect" FDIC-R's exercise of its powers and functions, and further *bars* claims by third parties seeking a determination of rights with respect to the FDIC-R's assets absent claim exhaustion.

The Second Circuit held that withdrawal of the reference is required "where substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for resolution of the proceedings." *Shugrue v. Air Line Pilots Ass'n Int'l (In re Ionosphere Clubs, Inc.)*, 922 F.2d 984, 995 (2d Cir. 1990). The issues of non-bankruptcy law need not be unsettled or involve matters of first impression; rather, what matters is "the *degree* to which the bankruptcy judge would have to consider the federal [non-bankruptcy] law." *McCrory Corp. v. 99 [cents] Only Stores (In re McCrory Corp.),* 160 B.R. 502, 505 (S.D.N.Y. 1993) (emphasis added).

Although FDIC-R considers the reach and application of section 1821(j) to be well-settled based on the case law summarized above, the very fact of SVBFT's dispute of those legal principles proves FDIC-R's point. If, as SVBFT contends, only straightforward application of FIRREA is required, *see* Opposition at 12, then this Adversary Proceeding must be dismissed out of hand as an unlawful restraint upon FDIC-R's statutory rights and responsibilities as the *Volges* decision and other circuits have concluded. If not, then by definition this case requires application

8

of section 1821(j) and other provisions of FIRREA to a substantial and material degree such that withdrawal of the reference is mandatory under 28 U.S.C. § 157(d).

In response, SVBFT attempts to blur the crisp lines of section 157(d) by contrasting this Adversary Proceeding with the First Adversary and suggesting that only matters of first impression (such as the invocation of the Systemic Risk Exception in that matter) are sufficient to trigger mandatory withdrawal of the reference. Opposition at 12 (citing *SVB Fin. Grp.* v. *FDIC*, Adv. No. 23-01137 (Bankr. S.D.N.Y. Jul. 9, 2023)). To the contrary, mandatory withdrawal of the reference is *routinely* granted in proceedings like this one where important FIRREA issues are raised, and SVBFT offers no authority to the contrary. *Compare* Opposition at 12, *with* Motion at 13-14 (collecting cases); *see also In re Colonial Realty Co.*, 980 F.2d 125, 128 n.5 (2d Cir. 1992) (observing that FDIC's motion to withdraw the reference should have been granted in light of the asserted conflict between certain provisions of the Bankruptcy Code and section 1821(j) of Title 12).

This Adversary Proceeding also raises material questions concerning the application and effect of the Succession Clause, as well as the powers and functions granted to FDIC-R in section 1821(d)(2)(B)—all of which FDIC-R is empowered by Congress to exercise without court interference or restraint. These powers include the powers to (i) "take over the assets of . . . the insured depository institution with all the powers of the members or shareholders . . . ; (ii) collect all obligations and money due the institution; (iii) perform all functions of the institution in the name of the institution which are consistent with the appointment as conservator or receiver; and (iv) preserve and conserve the asset and property of such institution." 12 U.S.C. § 1821(d)(2)(B)(i)-(iv). As this Court has recognized, "collect[ing] all obligations and money due

to SVB" is "a core function of FDIC-R." *Joint Off. Liquidators of Silicon Valley Bank v. SVB Fin. Grp. (In re SVB Fin. Grp.)*, 2025 Bankr. LEXIS 2452, \*136 (Bankr. S.D.N.Y. Sep. 29, 2025).

And finally, this Adversary Proceeding requires material consideration of the jurisdictional bar under section 1821(d)(13)(D) because SVBFT did not file an administrative claim with the FDIC-R asserting that SVBFT, and not the FDIC-R, owns the Insurance Claim and Proceeds. Having failed to do so, mandatory withdrawal of the reference is warranted because "[t]he bankruptcy court could not properly decide the trustee's adversary complaint without first determining it had subject matter jurisdiction in light of 12 U.S.C. § 1821(d)(13)(D)." *In re Mid America Entertainment Plus, Inc.*, 135 B.R. 419, 422-23 (Bankr. D. Kan. 1991).

By filing this Adversary Proceeding seeking declaratory and injunctive relief against the FDIC-R, SVBFT initiated a substantial and material dispute concerning the scope and application of these statutory provisions and their primacy relative to the Bankruptcy Code that necessitates withdrawal of the reference from the Bankruptcy Court to the federal District Court.

**B.      In the Alternative, Cause for Permissive Withdrawal Also Exists**

Once the false premises upon which SVBFT's Opposition is based are removed, the *Orion* factors plainly establish the case for permissive withdrawal of the reference in this Adversary Proceeding. *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993).

*First*, although it is true that neither party has requested a jury trial, the Adversary Proceeding is nevertheless a non-core proceeding and the FDIC-R does *not* consent to entry of final judgments by the Bankruptcy Court in this dispute. As explained above, because FDIC-R does not assert a claim against the SVBFG estate, but rather asserts an independent ownership right in the Insurance Claim and Bond Proceeds, this matter does not implicate Confirmation and Bar Date Orders. The Bankruptcy Court's inherent authority to interpret and enforce its own prior orders is therefore irrelevant to the inquiry.

SVBFT's argument that the Bankruptcy Court has jurisdiction to finally adjudicate the parties' dispute because it involves public rights, *see* Opposition at 14-15 (citing, *e.g.*, *Stern* v. *Marshall*, 564 U.S. 462, 478-82, 488-89 (2011)), is wrong for two reasons. *First*, the argument is based upon a false premise that this dispute is a function of the claims administrative process and requires the Bankruptcy Court to interpret its own Confirmation and Bar Date Orders. As explained above, it is not. *Second*, as the Supreme Court has made clear:

> Our prior cases support administrative factfinding in only those situations involving "public rights," e.g., where the Government is involved in its sovereign capacity under an otherwise valid statute creating enforceable public rights. Wholly private tort, contract, *and property cases*, as well as a vast range of other cases, are not at all implicated.

*Atlas Roofing Co. v. OSHRC*, 430 U.S. 442, 458 (1977) (emphasis added); *see also Stern v. Marshall*, 564 U.S. 462, 489 (2011) (citing *Atlas*).

Here, although there is a contract dispute between FDIC-R and SVBFT, on the one hand, and the Insurers, on the other, arising from the Insurance Claim, *the dispute between FDIC-R and SVBFT is a property dispute* centering on the question of who between them is the rightful owner of the Insurance Claim for $73 million in Proceeds from Bonds issued to insure losses arising from SVB's extension of credit in reliance on Smerling's forgeries.  Even without consideration of FIRREA's provisions, it is clear that the dispute between FDIC-R and SVBFT fundamentally implicates a private right in the form of a property dispute between the two parties.

*Second*, SVBFT argues that their claim for declaratory relief is an equitable claim, but "[d]eclaratory relief is not inherently legal or equitable; rather, its character depends on that of the underlying action."  *Carvel v. Ross*, 2011 U.S. Dist. LEXIS 25203, *46-47 (S.D.N.Y. Feb. 16, 2011); *Yoon v. Fordham Univ. Faculty and Admin. Ret. Plan*, 2004 U.S. Dist. LEXIS 26070, *40-41 (S.D.N.Y. Dec. 29, 2004); *see also Orion*, 4 F.3d at 1103 ("The fact that the action is in form a

11

declaratory judgment case should not obscure the essentially legal nature of the action.") (internal quotation marks omitted).  Where, as here, the underlying nature of the claims is legal—in this case, a dispute over ownership of the Insurance Claim and resulting Proceeds—withdrawal of the reference should be granted.  *Kirschenbaum v. Fed. Ins. Co. (In re EMS Financial Services, LLC)*, 491 B.R. 196, 205 (E.D.N.Y 2013).

*Third*, efficiency is best served—or, at minimum, not prejudiced—by withdrawal of the reference.  There is no efficiency to be gained from allowing the Bankruptcy Court to interpret and enforce its own orders because none are implicated in the parties' actual dispute.  Nor is it helpful to SVBFT's cause that the Bankruptcy Court may be "uniquely familiar with the operations of SVBFG, the Bank, and the relationship between the two entities" because those issues have no bearing on determining ownership here. *See* Opposition at 20.  This particular dispute has been the subject of litigation already pending before the North Carolina Court (and the North Carolina state court prior to removal) in the Bond Action since at least October 2025 when FDIC-R filed the first of the parties' two cross-motions for summary judgment on the question of ownership of the Insurance Claim and Bond Proceeds.  Accordingly, there is no efficiency to be gained by the Bankruptcy Court's retention of this matter.

One of the fundamental purposes of FIRREA is:

> [t]o provide funds from public and private sources to deal expeditiously with failed depository institutions," FIRREA, Pub.L. No. 101-73, § 101(8), 103 Stat. 183, 187, and "to enable the receiver to efficiently determine creditors' claims and preserve assets of the failed institution without being burdened by complex and costly litigation," *Nat'l Union Fire Ins. Co. v. City Sav.*, F.S.B., 28 F.3d 376, 388 (3d Cir. 1994).

*Hillside Metro Assocs. v. JPMorgan Chase Bank, N.A.*, 747 F.3d 44, 51 (2d Cir. 2014); *see also Marquis v. FDIC*, 965 F.2d 1148, 1154 (1st Cir. 1992) ("FIRREA was designed to create an efficient administrative protocol for processing claims against failed banks.").  Therefore,

12

protecting the efficiencies established by FIRREA regarding the administration of the SVB receivership, its claims, and assets supports withdrawal of the reference here.

*Fourth*, SVBFT's choice to commence this Adversary Proceeding after having already raised these same issues of disputed ownership in the Bond Action in its own cross-motion for summary judgment is, by itself, evidence of forum shopping.  Rather than wait for that Court to rule, SVBFT instead filed this Adversary Proceeding.  This factor also favors withdrawal.

*Finally*, for the reasons stated above, maintenance of the reference will do nothing to promote uniformity in the administration of bankruptcy law because bankruptcy law is not implicated here.  Indeed, the Bankruptcy Code is not invoked substantively at all in the Complaint or in the Motion.  Rather, it was only raised by SVBFT in its Opposition based on the false narrative that the disposition of this Adversary Proceeding turns on the interpretation and enforcement of the Bankruptcy Court's prior orders.  As explained above, however, that argument is a strawman.  FDIC-R did not assert a claim in the SVBFG chapter 11 case and asserts no claim against SVBFG today.

## CONCLUSION

For the foregoing reasons and those set forth in the Motion, FDIC-R respectfully requests that this Court enter an order overruling the objection set forth in SVBFT's Opposition, granting the relief requested in the Motion, and granting FDIC-R such other and further relief as the Court may deem just and proper.

Dated: February 24, 2026
        New York, New York

REED SMITH LLP

By: */s/ Michael P. Cooley*
Kurt F. Gwynne, Esq.
Casey D. Laffey, Esq.
599 Lexington Avenue
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
E-mail: kgwynne@reedsmith.com
E-mail: claffey@reedsmith.com

-and-

Michael P. Cooley, Esq.
2850 N. Harwood Street, Suite 1500
Dallas, TX 75201
Telephone: (469)-680-4200
Facsimile: (469) 680-4299
E-mail: mpcooley@reedsmith.com

*Counsel to the Federal Deposit Insurance
Corporation, as Receiver for Silicon Valley Bank*

*Of Counsel:*

Jeffrey Schmitt, Senior Counsel
Sonya Levine, Counsel
Federal Deposit Insurance Corporation
Legal Division
3501 Fairfax Drive, Room VS-D-7066
Arlington, Virginia 22226
Tel.: (703) 562-2089
Email: jschmitt@fdic.gov
Email: slevine@fdic.gov

14

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 24th day of February 2026, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the CMF/ECF.  I also certify that the foregoing document is being served this day via transmission of Notice of Electronic Filing generated by CM/ECF on all parties of record.

*/s/ Michael P. Cooley*
Michael P. Cooley